The opinion of the Court was delivered by
O’Neall, J.
The first ground of appeal, when the Act of 1839 is properly understood, presents no difficulty.
The 18th section (11 Stat. 18) provides for four classes of cases, in which a magistrate may issue an attachment. 1st, where the debtor is absent from the State: 2d, where he is removing privately from the district: 3d, where he absconds and conceals himself, so that the ordinary process of law cannot be served upon him: 4th, where the creditor has grounds to suspect and believe, and does verily believe, that such debtor intends to remove his effects. (See Lindau vs. Arnold, 4 Strob. 290).
The objection to the affidavit, set out in the attachment, is that the debtor “ absconds or conceals himselfthis, it is supposed, is an alternative statement and therefore bad. It is very true, if this had been an alternative allegation of any of the four separate and distinct grounds for issuing an attachment, it would have been a just objection: but to abscond and conceal is one ground. The terms are of equivalent meaning. For to say a *479 man absconds is to charge him with withdrawing himself privately, and necessarily imports concealment. To allege that a man absconds or conceals himself, is substantially alleging all that is required by the law, especially when followed by the words used in this attachment, “ so that the ordinary process of law cannot be served upon him.” So too, if necessary, 1 would resort to the familiar rule, by which wills are construed, that where it is necessary to carry out the intention, “ or ” may be construed “ and.” Here we might well say, it was used in the conjunctive and not in the disjunctive sense.
That the affidavit authorizing the issuing an attachment need not be in writing, is settled by the case of McKenzie vs. Buckan, (1 N. & McC. 205).
As to the 2d ground, it maybe remarked, that the 15th section of the Act of 1839, (11 Stat. 17). requires, that when a magistrate issues a summons for a matter of contract, a copy of the note, bond, book account, or other demand, shall be endorsed on or annexed to the same, and that a copy of such summons shall be served on the defendant. The object is plainly to enable a party, who is to be served, to answer to the cause of action.
In the 18th section of the same Act, the power of issuing an attachment, in the cases already pointed out, is given.
Where the demand exceeds $20, the attachment is to be directed to the sheriff, who is to levy on the goods and chattels of the defendant, and to summon any person indebted to the debtor or in possession of any of his effects. Here, it will be observed, nothing is said about a copy of the cause of action. Before 1839, a copy was never annexed even to a summons, much less to an attachment. How then can it be pretended, that a requisition for a copy on a summons extends to an attachment 1 The old law, altered in a specified case, cannot be made to extend to all others. So too, in attachment, the sheriff is to summon persons indebted to or having the defendant’s goods in possession. The magistrate is not necessarily to issue summonses for such persons : the sheriff may summon them ore tenus, or by writing. If, however, the magistrate is to issue summonses for them, they *480 have nothing to do with the cause of action : hence they have no necessity for copies on the summonses, with which they may be served. All which could be asked would be, that the copy should be on the attachment itself, so that when the debtor, the defendant, comes in to defend, he may see it, and be able to answer. The note, we are told, was copied on the attachment, and that the assignment by Wm. Goss and sons was alone omitted. We all agree, that this defect, or even the omission of the whole note and assignment, might be remedied by amendment, inasmuch as no copy of. the attachment itself need be served on any one.
The motion is dismissed.
Evans, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motion dismissed.